UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Bruce Roemmich, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION** |
| vs. | ) | **TO AMEND** |
| | ) | |
| Eagle Eye Development, LLC; | ) | |
| Leland Bertsch; Jane Bertsch; | ) | |
| Janet Scholl; and Jon Wagner, | ) | |
| | ) | Case No. A1-04-079 |
| Defendants. | ) | |

Before the court is defendants' motion to amend their counterclaim to plead the following claims for relief: tortious interference with contract and prospective economic advantage, breach of fiduciary conduct towards a member, and duty to act in good faith toward another member. The motion (Doc. No. 59) is **DENIED** for two reasons. First, the motion is untimely for the reasons set forth by plaintiff in his brief in opposition to the motion. Second, the claims are clearly barred by the six-year statute of limitations. The conduct on the part of the plaintiff that is alleged to give rise to the causes of action for affirmative relief took place more than six years prior to the commencement of this action. And, it is clear (*i.e.,* no reasonable fact-finder could conclude otherwise) that defendants were on notice of the conduct and the possibility that they may be suffering damages even if they did not know the full extent of the damage. See Schanilec v. Grand Forks Clinic Ltd., 1999 ND 165; ¶¶ 18-20, 599 N.W.2d 253.

In so holding, however, the court is not ruling on the admissibility of the complained-about conduct of the plaintiff that is the subject of the proposed amendments. Some of this evidence may be relevant to the issue of what relief, if any, plaintiff is entitled to in this case. See N.D.C.C. § 10-32-119(4).

**IT IS SO ORDERED.**

Dated this 23rd day of November, 2005.

                                                  /s/ Charles S. Miller, Jr.
                                                  Charles S. Miller, Jr.
                                                  United States Magistrate Judge