## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Bruce Roemmich, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER RE TELEPHONIC** |
| vs. | ) | **HEARING** |
| | ) | |
| Eagle Eye Development, LLC; | ) | |
| Leland Bertsch; Jane Bertsch; | ) | |
| Janet Scholl; and Jon Wagner, | ) | |
| | ) | Case No. 1:04-cv-079 |
| Defendants. | ) | |

The court has concluded that a buyout is not appropriate, but is considering ordering some relief directed to accomplishing the following: (1) guaranteeing that plaintiff is provided sufficient information on a routine basis so that he can monitor his 30% interest, (2) providing an opportunity for input on major decision making, and (3) imposition of some operational and financial limitations on Eagle Eye to provide protection for Mr. Roemmich's 30% interest.

The following is a draft of the relief the court is considering:

2. Eagle Eye Development LLC (the Company), together with its members and governors, are hereby permanently ordered and enjoined as follows:
   a. Unless specifically authorized by all of the members in writing to the contrary, the Company shall not engage in any business activity other than that which relates to the managing, leasing, or sale of the real estate now owned by the Company at Nims and Cocoa Beach, Florida and Mora, Minnesota (the "Company Real Estate") and the making of any distributions to the members.
   b. Unless authorized by all of the members in writing to the contrary, the Company may not use Company money for any purpose other than (1) paying the debts incurred to construct and develop the Company Real Estate, (2) paying expenses for the management, maintenance, repair, improvement, leasing, or sale of the Company Real Estate, including any debts reasonably incurred for these purposes, (3) paying reasonable salaries and Company overhead and operating expenses, including payments to third parties for management and other support services, and (4) making distributions to members.

- c. Unless authorized by all of the members in writing to the contrary, beginning in 2007 the Company shall hold at least one meeting of the members annually, which shall take place after completion of the end-of-year financial statements for the prior year, but no later than the deadline for the Company filing its annual income tax returns, to discuss, at a minimum, the following subjects:
    - i. the operating results for the prior year;
    - ii. discussion and approval of the tax returns for the prior tax year;
    - iii. discussion and approval of an operating budget for the next 12 months with budgeted amounts for depreciation, debt service, and each general category of operating expenses; and
    - iv. discussion and a decision as to whether any distributions should be made to the members, including, specifically, distributions to assist members with the payment of their taxes on Company income.
- d. Except for debt service payments for liabilities already incurred or legitimate emergencies, no expenditure may be made or liability incurred with respect to any particular item or matter in excess of $ 25,000.00 without the expenditure or liability first being discussed and approved at an annual or special meeting of the members. And, notwithstanding the foregoing, no compensation may be paid to a governor, member, or manager, nor may payments be made to an entity related to any of the foregoing persons, without the compensation or payments (or the basis for the compensation or payments) first being discussed and approved at a regular or special meeting of the members, with the only exception being the current terms of the arrangements with Bertsch Construction for management, maintenance, and repair of the Company Real Estate, which the court has already concluded are reasonable.
- e. The Company shall provide yearly to each member copies of the following financial information for the prior calendar year: the balance sheet and income statement; detailed general ledger; and a copy of the proposed tax returns to be filed. If not sent earlier, this information shall accompany the notice of the annual member meeting.
- f. Minutes shall be prepared reflecting the action taken at all meetings of the members and board of governors and copies shall be sent to the members within ten business days of the date of the meeting. When action is taken by the members or the board of governors without a meeting as may be authorized by the Company's organizing documents or North Dakota law, written documentation of the action shall be made, kept with the Company records, and copies sent to the members within ten business days.
- g. A copy of these provisions shall be affixed to, and become a part of, the Company Operating Agreement and shall be deemed to supersede any conflicting provisions. Compliance with the foregoing provisions shall not be deemed as satisfaction of any obligations that the Company, members and

>     governors owe under N.D.C.C. ch.10-32 and the Company, members, and governors remain responsible for these obligations.

The court is interested in any comments the parties may have with respect to these provisions, including particularly any problems regarding whether or not they are workable and can reasonably be complied with.  Also, the court wishes to discuss generally the issue of costs and attorney fees, including the handing of any costs or attorney that may be borne by Eagle Eye, <u>if any</u>.

The court will hold a telephonic hearing to discuss these matters on August 9, 2005, at 9:30 a.m. CST.  The call will be initiated by the court.

Dated 1st day of August, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge