**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| Bruce Roemmich, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SUPPLEMENTAL** |
| vs. ) | **CONCLUSIONS OF LAW,** |
| ) | **AND ORDER** |
| Eagle Eye Development, LLC; ) | |
| Leland Bertsch; Jane Bertsch; ) | |
| Janet Scholl; and Jon Wagner, ) | |
| ) | Case No. 1:04-cv-079 |
| Defendants. ) | |

The court issued its initial findings of fact, conclusion of law, and order on August 16, 2006, and therein reserved the issues of (1) who would be considered the prevailing party, (2) whether attorney's fees and other expenses would be awarded, and (3) whether defendant Eagle Eye would be permitted to bear any of the litigation expenses. The court requested additional briefing to address these issues and oral arguments were heard on August 31, 2006.

The court now makes the following additional conclusions of law and order. Any defined terms in the court's earlier order shall have the same meaning when used in this order:

**ADDITIONAL CONCLUSIONS OF LAW**

7.

The defendants, including the Bertschs, are the "prevailing parties" within the meaning of Fed. R. Civ. P. 54(d)(1) based on the fact the defendants prevailed on the most significant issues raised in this case. In so concluding, the court has taken into account that Bertsch did not prevail on his counterclaim and that the court did grant Roemmich some relief. The court is convinced, however, that the claims in the counterclaim would not have been brought but for Roemmich suing. And, given the totality of the case, the relief granted Roemmich was minimal in that it does little

more than preserve the status quo and provide for meetings and access to information that Roemmich had the right to demand in any event.

The more substantial issues, and the ones that generated virtually all of the costs apart from the attorney's fees, were Roemmich's demands for monetary relief and a forced buyout based on a number of alleged improprieties, all of which the court denied.  Consequently, at the very least, the defendants are entitled to those costs that are normally allowed prevailing parties under federal law. Hillside Enterprises v. Carlisle Corp., 69 F.3d 1410, 1416 (8th Cir. 1995) (party awarded the greater judgment amount was properly considered the prevail party);  Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir. 1990) (trial court did not abuse discretion in awarding 100% of the costs to the party that prevailed on a majority of the claims even though the other party also prevailed on a claim); see Hale v. Poplar Bluff R-1 Sch. Dist., 280 F.3d 831 (8th Cir. 2002) (denying attorney fees when plaintiff prevailed on only a very small part of the case); First Commodity Traders, Inc. v. Harold Commodities, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985) (prevailing party is the party who prevails as to the substantial part of the litigation).

8.

N.D.C.C. § 10-32-119(8) also permits the court to award reasonable expenses, including attorney's fees and disbursements, if the court concludes that a party has acted arbitrarily, vexatiously, or otherwise not in good faith.[1]  In this case, both parties have claimed an entitlement to attorney's fees and costs under this section.

---

[1] N.D.C.C. § 10-32-119(8) reads as follows:
If the court finds that a party to a proceeding under this section has acted arbitrarily, vexatiously, or otherwise not in good faith, it may in its discretion award reasonable expenses, including attorney's fees and disbursements, to any of the other parties.

The court concludes that the conduct of Bertsch, which caused the court to grant some minimal relief to Roemmich, was minor in comparison to the conduct of Roemmich. Or, to put it somewhat differently, the relief awarded Roemmich would likely not have been necessary had Roemmich not engaged in the conduct that resulted in the deterioration of the relationship between he and Bertsch. Consequently, even if Bertsch's conduct was arbitrary, vexatious, or otherwise not in good faith within the meaning of § 10-32-119(8), which the court does not conclude, the court would not grant Roemmich his reasonable expenses.

On the other hand, the court does conclude that Roemmich's conduct was vexatious and not in good faith within the meaning of § 10-32-119(8). While it is not necessary to recite all of that conduct again, the court notes, in particular, that Roemmich attempted to use allegations of fraud and illegal conduct against Bertsch and Wagner as a sword in his dealings with the defendants and with Eagle Eye's bankers, which the court previously noted bordered upon being extortionate. This is sufficient by itself to support an award of expenses, particularly since it is likely that matters would not have gone as far as they did, including the need for this lawsuit, but for this conduct. Also, Roemmich's insistence on litigating matters, which should have been addressed years ago if he had a problem with them, has been vexatious and not otherwise in good faith.

The court concludes that Bertsch is entitled to recover reasonable expenses under § 10-32-119(8), but that some reduction in the amount recoverable is warranted. In recognition of the failed counterclaim, the failed motion to renew the claims in the counterclaim, and the fact that the court granted some relief to Roemmich, although reluctantly, the court limits Bertsch to recovery of 75%

of his reasonable attorney fees[2] and also limits the amount that can be claimed for the time spent on this litigation by the Bertschs, Wagner, and other Bertsch Construction employees as set forth below. Almost all of the other expenses, including particularly the accounting-related expenses, are associated with issues that Roemmich did not prevail upon and that largely could have been avoided, but for the conduct that the court finds to have been vexatious and not otherwise in good faith. Consequently, the court awards 100% of the remaining reasonable expenses, but these expenses shall not include charges for time spent by either of the Bertschs, Wagner, or other Bertsch Construction employees.

Absent specific law to the contrary, federal procedure follows the "American Rule" in not allowing the prevailing party to recover attorney's fees, except for the nominal amounts that may be taxed under 28 U.S.C. § 1923. Alyeska, 421 U.S. at 247-262. Also, federal procedure restricts the amount of expert witness fees that may be recovered to the $40 per day that can be taxed for all witnesses under 28 U.S.C. §§ 1821(b) and 1920. Crawford Fitting Co. v. J.T. Gibbons Inc., 482 U.S. 437 (1987). As explained by the Supreme Court in both Alyeska and Crawford, Congress undertook in 1853 to standardize the costs allowable in federal courts and the result was the passage of statutes that specified in detail the items of costs that could be taxed in federal courts, including provisions regarding attorney's fees and witness fees. These statutory provisions were carried forward in substance in later code revisions and are now codified at 28 U.S.C. §§ 1821 & 1920-1923. Aleyska, 421 U.S. at 247-260; Crawford, 482 U.S. at 439-443. The concern of Congress at

---

[2] Given the nature of the issues, the court concludes it would be too difficult to pick out of defendants' attorney's records the fees that should be awarded and that awarding a percentage of the total fees is more appropriate. Cf. Warnock v. Archer, 380 F.3d 1076, 1084(8th Cir. 2004) (district court did not err in reducing claimed attorney's fees by half based on the circumstances of the case); First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d at 1014 (holding that district court properly awarded attorney's fees in proportion to the success the party obtained in the litigation).

the time was "that losing litigants were being unfairly saddled with exorbitant fees . . . " under the prior practice of looking to state law to determine what costs could be taxed.  Alyeska, 421 U.S. at 251-252 & n.24.          While the court is not aware of any Eighth Circuit precedent, it appears that most federal courts will award attorney's fees in diversity cases when state law allows recovery of attorney's fees as part of the claim being brought.  See e.g., Mathis v. Exxon Corp., 302 F.3d 448, 461-462 (5th Cir. 2002) (state law providing for award of attorney fees is substantive and governs in diversity cases);  McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir.2001) (same); Cotton v. Sloane, 4 F.3d 176, 18-181 (2nd Cir. 1993) (same); see generally Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §§ 2669 & 2675 ("Wright, Miller & Kane").  In fact, in a footnote in Alyeska, the Supreme Court stated in *dicta* that there is no discernable  reason why state substantive law should not apply.  421 U.S. at 259 n.31.

      While, perhaps, not quite as clear, the same is true for expert fees.  The general rule appears to be that the $40 per day witness fee limitation in 28 U.S.C. § 1821(b) applies in diversity cases even when state law allows prevailing parties, as a procedural matter, the right to tax more for expert witnesses.  Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1167-68 (9th Cir. 1995); Kivi v. Nationwide Mut. Ins. Co., 695 F.2d 1285, 1289 (11th Cir. 1983); Bosse v. Litton Unit Handling Systems, Division of Litton Systems, Inc., 646 F.2d 689, 695 (1st Cir. 1981); see generally Wright, Miller & Kane at § 2669. Likewise, several courts of appeal have held that the limitations imposed by §1821 also trump state procedural rules or statutes that shift costs based upon judgments that are less favorable than pretrial offers.  Garcia v. Wal-Mart Stores, Inc., 209 F.3d 1170, 1178-79 & n.10 (10th Cir. 2000); Aceves v. Allstate Ins. Co.,  68 F.3d 1160, 1167-68.  The most persuasive reasoning for these results is that state procedures must give way to policies established by federal statute for

taxation of costs in federal courts given the Supreme Court's decision in <u>Hanna v. Plumer</u>, 380 U.S. 460 (1965).

On the other hand, most of the courts of appeal that have addressed the issue have concluded that 28 U.S.C. § 1821 does not apply when the recovery of expert fees is part of the substantive relief allowed by state law.  E.g., <u>Clausen v. M/V Carissa</u>, 339 F.3d 1049, 1064-66 (9th Cir. 2003); <u>Chevalier v. Reliance Ins. Co. of Ill.</u>, 953 F.2d 877, 886 (5th Cir. 1992); <u>Freeman v. Package Machinery Co.</u>, 865 F.2d 1331, 1345-50 (1st Cir. 1988); <u>Bright v. Land O'Lakes, Inc.</u>, 844 F.2d 436, 443-445 (7th Cir. 1988).  This is consistent with the Supreme Court's footnote in <u>Alyeska</u> with respect to recovery of attorney's fees as a matter of state substantive law since there appears to be no principled reason for treating expert fees differently, particularly in light of the history of the enactment of the federal statutory limitations on both attorney's fees and witness fees.

In this case, it is clear that the North Dakota legislature intended that expert fees could be recovered as a substantive matter under N.D.C.C. § 10-32-119(8).  The relevant language allowing recovery is tied directly to the claim for relief being permitted and is not in any sense procedural, *i.e.*, it does not apply to multiple types of claims.  Further, the use of the term "reasonable expenses" to define what may be recovered conveys an intent to allow recovery of a broad range of expenses and not just costs that are otherwise taxable under North Dakota law.  Cf. <u>Arlington Cent. School Dist. Bd of Educ. v. Murphy</u>, __ U.S. __, 126 S.Ct. 2455, 2459-60 (2006) (distinguishing between the use of the broader term "expenses" from the use of a term of art such as "costs").

9.

The expenses that have been incurred in litigating this matter are substantial and material when measured against the likely value of the respective ownership interests in Eagle Eye. For this

reason, the court stated in its earlier order that it could not give full and complete relief pursuant to § 10-32-119(1) without factoring in the impact of these expenses upon Eagle Eye and the respective ownership interests of the parties. Roemmich's attorney argued it would be premature to address the issue of what expenses could be borne by Eagle Eye since these matters have not yet been addressed by Eagle Eye's governing board or its members. The court disagrees. Eagle Eye's governing board is controlled by Bertsch and both of Eagle Eye's members are before the court and are in disagreement regarding what expenses, if any, should be borne by Eagle Eye. This being the case, and given the materiality of the expenses, there is no reason to put off to another day the resolution of this problem by a court that would not have the benefit of the present record or the same familiarity with the parties and the issues as this court.

The court concludes that the specific provisions set forth below with respect to Eagle Eye incurring the litigation expenses are equitable under the circumstances based on the court's other findings and conclusions and should be ordered pursuant to the authority granted by N.D.C.C. § 10-32-119(1).

## ADDITIONAL ORDER

Based on the foregoing and the court's earlier findings of fact and conclusions of law, the court hereby makes the following additional order:

6. Defendant Leland Bertsch is awarded 75% of the reasonable attorney's fees incurred by the defendants in this action and 100% of their other reasonable expenses, except for the time spent by the Bertsch, Wagner, or any other Bertsch Construction personnel, which are dealt with separately below. Defendant Bertsch shall submit to the court and serve upon the plaintiff within ten calendar days after entry of this

      order a detailed listing of all of the attorney's fees and other expenses that will be claimed, and plaintiff shall have ten calendar days to file any objections. Thereafter, the parties shall have five calendar days to request a hearing, including making the specific request for the taking of testimony if that is deemed necessary. The court will determine the amount of expenses that will be awarded, including applying the 75% percent factor to the attorney fees, based on the submissions made by the parties or any additional record that may be created.

7. Eagle Eye Development LLC (the Company), together with its members and governors, will be permanently ordered and enjoined as follows with respect to the expenses in defending this action:

    a. The Company may not pay, or otherwise reimburse the defendants for, the 25% of the attorney's fees incurred by the defendants that the court has ordered that Roemmich does not have to reimburse to Bertsch.

    b. With respect to the expenses that the court concludes Bertsch may recover from Roemmich, the Company may (but is not required to) reimburse Bertsch for these expenses, including making payment to any Bertsch-related entity that has funded the expenses, but only as cash reasonably becomes available to allow for reimbursement without detriment to the Company. This includes payment by the Company of interest on such expenses at the maximum rate permitted by N.D.C.C. § 47-14-09 as of the date of the entry of judgment, but only from and after that date. The fact that the court has established a mechanism for the Company paying litigation expenses, if it

        chooses to do so, is not meant to prohibit Bertsch from collecting the judgment amount for expenses awarded him by other means. If the Company makes payment for the expenses that Roemmich must reimburse Bertsch, the Company shall account separately for such payments and all payments subsequently made by Roemmich to Bertsch shall go first to reimburse any expenses that have been paid by the Company including interest. And, when any disbursements are made by the Company to its members, the amounts payable to Roemmich shall be paid first to the Company and credited against the expenses paid by the Company until all such expenses, including interest, have been fully reimbursed.

    d.    The Company may pay Bertsch Construction for the reasonable time spent by Wagner in the defense of this action at the rate currently chargeable for Wagner's time by Bertsch Construction. The amounts paid by the Company for Wagner's time, however, shall be treated like all other Company expenses and shall not be included in the pool of litigation-related expenses that are subject to separate reimbursement by Roemmich.

    e.    The Company may not reimburse or otherwise pay the Bertschs for the time they spent in defense of this action.

8.    The clerk is instructed not to enter judgment in accordance with this or the court's prior order of August 16, 2006, until the court determines the amount of the expenses to be awarded defendant Bertsch.

Dated this 12th day of September, 2006.

                                    /s/ Charles S. Miller, Jr.
                                    Charles S. Miller, Jr.
                                    United States Magistrate Judge