**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Bruce Roemmich, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING REQUEST** |
| vs. | ) | **FOR WRIT OF EXECUTION** |
| | ) | **WITHOUT PREJUDICE** |
| Eagle Eye Development, LLC; | ) | |
| Leland Bertsch; Jane Bertsch; | ) | |
| Janet Scholl; and Jon Wagner, | ) | |
| | ) | Case No. 1:04-cv-079 |
| Defendants. | ) | |

On February 23, 2007, defendants filed a Motion for Execution of Judgment[1] seeking the court to order that a writ of execution be issued directing the United States Marshal to satisfy the cost judgment in the above action from the personal and real property of the plaintiff located in the District of North Dakota. In support of their motion, defendants point to the fact that Fed. R. Civ. P. 69 incorporates state law with respect to the procedures to be followed upon execution of judgments in federal civil actions, and the fact that North Dakota law generally allows enforcement of money judgments against the property of the debtor under N.D.C.C. § 28-21-06.

There are several problems with the proposed motion, however. The first is that the request for the writ is made by all of the defendants. However, the cost judgment that the court issued was

---

[1] Defendants made their request for a writ of execution by motion and have given notice to the plaintiffs. While this is not prohibited, the undersigned is not aware of anything requiring this procedure, and the application or request to the clerk could have been made *ex parte* with appropriate notices given to the plaintiff later in the process as required by state law.

1

only in favor of two of the defendants: Eagle Eye Development, LLC ("Eagle Eye") and Leland Bertsch.[2]

Second, while the writ the defendants seek is general, the proposed notice of levy accompanying the motion points to the plaintiff's membership interest in Eagle Eye as being the specific target of the writ. But, the problem here is that North Dakota's law regarding execution and levy contemplates a seizure and sale of property to satisfy the judgment amount, and there is a more specific North Dakota statute that appears to limit the remedies available to a judgment creditor to the issuance of a "charging order" when enforcing a money judgment against a membership interest in a limited liability company. The statue is N.D.C.C. §10-32-34, which reads as follows:

> 10-32-34 Rights of judgment creditor. On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge a member's or an assignee's financial rights with payment of the unsatisfied amount of the judgment with interest.
> 1. To the extent so charged, the judgment creditor has only the rights of an assignee of a member's financial rights under section 10-32-31.
> 2. This chapter does not deprive any member or assignee of financial rights of the benefit of any exemption laws applicable to the membership interest.
> 3. *This section is the sole and exclusive remedy of a judgment creditor with respect to the judgment debtor's membership interest.*

(emphasis added).

It may be that the plaintiff has other property within the District of North Dakota that is subject to execution. If so, and if the appropriate judgment creditors request the issuance of a writ of execution, it most likely will be issued. But, unless the judgment creditors can make a showing that the court is wrong in terms of the remedies that are available, the court will not permit the

---

[2] The court also notes that the proposed Notice of Levy referenced on the first page that the property seized was the "stock held by Bruce Roemmich Eagle Eye Development, LLC." Under North Dakota's law governing LLCs, the correct terminology is "membership interest." See, e.g., N.D.C.C. §§ 10-32-02(41) & 10-32-28.

United States Marshal to execute upon and sell the plaintiff's membership interest in Eagle Eye to satisfy the cost judgment in this case.  See, e.g., Goldberg v. Winogradow, 2006 WL 3041979, *1-3; Brant v. Krilich, 835 N.E.2d 582, 592-593 (Ind. Ct. App. 2005); Herring v. Keasler, 563 S.E.2d 598 (N.C. Ct. App. 2002).

Based on the foregoing, the defendants' Motion for Execution of Judgment (Docket No. 110) is **DENIED WITHOUT PREJUDICE** to (1) the filing of request for issuance of a charging order as provided for by N.D.C.C. § 10-32-34 or (2) a renewal by the proper judgment creditors of a request for a writ of execution that is either directed to other property or that is accompanied by a showing that the court is in error regarding the scope of remedies available under North Dakota law with respect to enforcement of the judgment as to the Eagle Eye membership interests.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge