**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Bruce Roemmich, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART DEFENDANTS'** |
| | ) | **MOTION TO ALLOW LAY AND** |
| vs. | ) | **EXPERT TESTIMONY** |
| | ) | |
| Eagle Eye Development, LLC and | ) | Case No. 1:04-cv-079 |
| Leland Bertsch, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the "Defendants' Motion to Allow Lay and Expert Testimony at Hearing" filed on May 26, 2009.  <u>See</u> Docket No. 169.  The Plaintiff filed a response in opposition to the motion on June 8, 2009.  <u>See</u> Docket No. 170.  The Court grants in part and denies in part the motion for the reasons set forth below.

I.      <u>**BACKGROUND**</u>

The plaintiff, Bruce Roemmich, filed an action on April 13, 2004, against Eagle Eye Development, LLC, Leland Bertsch, Jane Bertsch, Janet Scholl, and Jon Wagner.  In the complaint, Roemmich alleged four separate causes of action:  (1) unfairly prejudicial conduct toward a member of a limited liability company; (2) breach of fiduciary duty to act in good faith toward another member; (3) breach of fiduciary duties to act in good faith by officers of a limited liability company; and (4) dissenters rights.  <u>See</u> Docket No. 1.  The statutory basis for each cause of action was Chapter 10-32 of the North Dakota Century Code which is commonly referred to as the North Dakota Limited Liability Company Act.  A bench trial was conducted before Magistrate Judge Charles S. Miller, Jr. in December 2005.

Judge Miller entered Findings of Fact, Conclusions of Law, and Order on August 16, 2006. See Docket No. 87. On December 29, 2006, judgment was entered against Roemmich. See Docket No. 106. Roemmich's claims for monetary relief and for an accounting were dismissed with prejudice as to all of the defendants and all other claims against defendants Janet Scholl and Jon Wagner were dismissed with prejudice. Eagle Eye Development and Leland Bertsch were awarded a monetary judgment against Roemmich in the amount of $71,188.62. On January 26, 2007, Roemmich appealed the judgment and numerous orders to the Eighth Circuit Court of Appeals. See Docket No. 107.

On February 23, 2007, defendants Eagle Eye Development, Leland Bertsch, Jane Bertsch, and Jon Wagner filed a motion for execution of judgment in which they moved the Court to execute the December 29, 2006, judgment and to order the United States Marshal to satisfy the judgment out of Roemmich's personal property. See Docket No. 110. On February 28, 2007, Judge Miller denied without prejudice the motion for execution of judgment. See Docket No. 113.

On March 5, 2007, defendants Eagle Eye Development, Leland Bertsch, Jane Bertsch, and Jon Wagner filed a second motion for execution of judgment. See Docket No. 114. The Defendants moved for "an order which directs the execution and satisfaction of the judgment against the plaintiff's financial rights held in Eagle Eye Development, LLC." See Docket No. 115. On March 12, 2007, Roemmich filed a motion to stay the judgment pending the appeal. See Docket No. 118. On March 21, 2007, Judge Miller granted the motion to stay and stayed the execution of the judgment pending a further order from the Court. See Docket No. 133.

On May 3, 2007, Judge Miller entered a "Special Charging Order Pending Appeal." See Docket No. 135. The purpose of the charging order was "to give Eagle Eye Development, LLC and

Leland Bertsch a lien interest over the referenced financial rights, subject to the limitations imposed by N.D.C.C. § 10-32-34 and the specific terms of this order, to (1) secure payment of the above judgment and accrued interest and (2) to provide security for any additional costs and fees that may [be] taxed by the court as [a] result of the pending appeal." See Docket No. 135.  On May 13, 2008, the Eighth Circuit Court of Appeals affirmed the judgment.  See Docket No. 136; Roemmich v. Eagle Eye Dev., LLC, 526 F.3d 343 (8th Cir. 2008).

On December 29, 2008, defendants Eagle Eye Development and Leland Bertsch filed a third motion for execution of judgment.  See Docket No. 143.  The Defendants move the Court to execute the judgment and to order the United States Marshal to satisfy the judgment out of Roemmich's personal property.  See Docket No. 143.  The Defendants "respectfully request that the Court issue an order which directs the execution and satisfaction of the judgment against the plaintiff's financial rights held in Eagle Eye Development, LLC."  See Docket No. 144.  The Defendants seek foreclosure of Roemmich's membership interest in Eagle Eye Development.

On March 6, 2009, the Defendants requested a hearing on the third motion for execution of judgment.  See Docket No. 161.  On May 19, 2009, the Court granted the motion and scheduled the hearing for Thursday, July 30, 2009, at 10:00 a.m.  The Defendants now move the Court to allow lay and expert testimony at the hearing.  See Docket No. 169.

The Defendants request that Leland Bertsch and Eagle Eye Development's accountant, Jon Wagner, "be allowed to testify to lay support for the defendants' claim that, as judgment creditors, the defendants have little likelihood of collecting on their judgment through any Eagle Eye distributions for many years."  See Docket No. 167.  "The defendants have also asked the Court to allow expert testimony from disclosed testifying expert Carter Bishop. . . .  In his capacity as a

testifying expert, Professor Bishop will testify that a judicial lien charging order against the plaintiff's Eagle Eye interest will not produce any distributable sums toward satisfaction for at least sixteen years while at the same time accruing interest on the debt, and that a court-ordered foreclosure sale of the charged interest is warranted and permitted by North Dakota statutory law." See Docket No. 167.

Roemmich does not contest the lay testimony of Leland Bertsch and Jon Wagner but contends that Professor Bishop should not be allowed to provide expert testimony. Roemmich contends that if testimony is allowed, it "should only occur AFTER the Court has decided the initial question of whether foreclosure is an available remedy, and, if the Court concludes it is, the Court has provided the legal guidelines for when the remedy is appropriate." See Docket No. 170 (emphasis in original).

## II.    LEGAL DISCUSSION

### A.    LAY TESTIMONY

The Defendants move the Court to allow lay testimony from Leland Bertsch and Eagle Eye Development's accountant, Jon Wagner. The Defendants request that Leland Bertsch and Wagner "be allowed to testify to lay support for the defendants' claim that, as judgment creditors, the defendants have little likelihood of collecting on their judgment through any Eagle Eye distributions for many years." See Docket No. 167. Leland Bertsch and Wagner previously provided lay testimony at the trial in this action. At trial, "Bertsch and Wagner outlined for the Court the fact that distributions from Eagle Eye's only assets – three post offices subject to long-term leases – were many years away from fruition, and that the parties understood that the projects were long–term

investments that, hopefully, would grow in value as the USPS lease payments paid off the debt incurred to purchase the real estate and construct the buildings." See Docket No. 167. Roemmich does not object to the lay testimony of Leland Bertsch and Jon Wagner. However, Roemmich does contend that any lay testimony should only occur after the Court has decided whether foreclosure is an available remedy in this action.

"A lay witness may give his opinion only if it is based on his perception and is helpful either in understanding his testimony or in determining factual issues. Furthermore, the opinion testimony is to be weighed against the concerns enumerated in [Rule 403 of the Federal Rules of Evidence]. All of these considerations are matters peculiarly appropriate for the district court, exercising its discretion, to rule upon." Hogan v. Am. Tel. & Tel. Co., 812 F.2d 409, 411 (8th Cir. 1987) (citing Fed. R. Evid. 701; Bohannon v. Pegelow, 652 F.2d 729, 732 (7th Cir. 1981)). Rule 403 of the Federal Rules of Evidence states that evidence, although relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In its discretion, the Court finds that Leland Bertsch and Jon Wagner may provide opinion testimony as lay witnesses at the July 30, 2009, hearing. Any testimony must be in accordance with the Federal Rules of Evidence, namely, Rule 403 and Rule 701.

### B.   EXPERT TESTIMONY

The Defendants move the Court to allow Professor Carter Bishop to provide expert testimony at the July 30, 2009, hearing. Professor Bishop has been disclosed as an expert witness. See Docket No. 167-2. The Defendants request that Professor Bishop be allowed to testify at the hearing

"that a judicial lien charging order against the plaintiff's Eagle Eye interest will not produce any distributable sums toward satisfaction for at least sixteen years while at the same time accruing interest on the debt, and that a court-ordered foreclosure sale of the charged interest is warranted and permitted by North Dakota statutory law."  <u>See</u> Docket No. 167.  The Defendants contend that "Professor Bishop's testimony may be helpful to the Court given the complex and novel nature of the issues now before the Court.  Professor Bishop's opinions and perceptions of the issues at hand may also help sort out the factual issues of this case."  <u>See</u> Docket No. 167.

Roemmich contends that Professor Bishop's expert testimony on issues of law should be excluded pursuant to Rule 702 of the Federal Rules of Evidence.  <u>See</u> Docket No. 155.  Roemmich contends that if Professor Bishop is allowed to testify, his testimony should only occur after the Court has decided whether foreclosure is an available remedy in this action.  <u>See</u> Docket No. 170.  Roemmich further contends that if Professor Bishop's testimony is allowed, "then it will be necessary for Roemmich to determine whether to conduct discovery and whether to retain his own experts to testify concerning the anticipated cash flow from Eagle Eye Development, LLC."  <u>See</u> Docket No. 170.

Rule 702 of the Federal Rules of Evidence sets forth the standard for expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 makes clear that expert witnesses may testify about <u>factual</u> issues.  It is well-established that "expert testimony on legal matters is not admissible."  <u>S. Pine Helicopters, Inc. v. Phoenix</u>

Aviation Managers, Inc., 320 F.3d 838, 841 (8th Cir. 2003) (citing United States v. Klaphake, 64 F.3d 435, 438-39 (8th Cir. 1995)); see Okland Oil Co. v. Conoco, Inc., 144 F.3d 1308, 1328 (10th Cir. 1998) ("Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts.").  Instead, the trial judge decides matters of law.  S. Pine Helicopters, Inc., 320 F.3d at 841.

The Court finds that Professor Bishop's expert testimony on issues of law is inadmissible. Further, Professor Bishop is not needed to "sort out the factual issues of this case."  The issues in this action are not so complex or novel as to require an expert witness to explain them to the Court. Professor Bishop will not be allowed to provide expert testimony at the July 30, 2009, hearing.

### III.    CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' motion to allow lay and expert testimony at the July 30, 2009, hearing (Docket No. 169).  Leland Bertsch and Jon Wagner shall be allowed to provide lay opinion testimony in accordance with Rules 403 and 701 of the Federal Rules of Evidence.  Professor Carter Bishop shall not be allowed to provide expert testimony.  The Court declines to adopt Roemmich's suggestion that testimony only occur after the Court has decided whether foreclosure is an available remedy in this action.

**IT IS SO ORDERED**.

Dated this 7th day of July, 2009.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court